UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ALI BURGOS | : | Case Number |
|     Plaintiff | : | |
| | : | |
|     vs. | : | |
| | : | |
| TRANS UNION, LLC | : | CIVIL COMPLAINT |
|     & | : | |
| EQUIFAX INFORMATION | : | |
| SERVICES LLC | : | |
|     & | : | |
| EXPERIAN INFORMATION | : | |
| SOLUTIONS INC. | : | |
|     & | : | |
| MIDLAND FUNDING LLC | : | |
|     & | : | |
| MIDLAND CREDIT | : | |
| MANAGEMENT, INC. | : | |
|     & | : | |
| CREDIT ONE FINANCIAL d/b/a | : | |
| CREDIT ONE BANK, NA | : | |
|     Defendants | : | JURY TRIAL DEMANDED |

**COMPLAINT AND JURY DEMAND**

**COMES NOW,** Plaintiff, Ali Burgos, by and through her undersigned counsel, Brent F. Vullings, Esquire of Vullings Law Group, LLC, complaining of Defendants, and respectfully avers as follows:

**I. INTRODUCTORY STATEMENT**

1.     Plaintiff, Ali Burgos, is an adult natural person and she brings this action for actual and statutory damages and other relief against Defendants for violations of the Fair Credit Reporting Act and the Fair Debt Collection Practices Act, as well as for relief from Defamation of Character.

1

## II. JURISDICTION

2.      Jurisdiction of this Court arises under 15. U.S.C. § 1681p and 28 U.S.C. §1337.

3.      Venue in this district is proper in that the Defendant Trans Union has a primary place of business in this District.

## III. PARTIES

4.      Plaintiff, Ali Burgos (hereinafter referred to as "Plaintiff") is an adult natural person residing at 2751 Saunders Street, Camden, New Jersey 08105.

5.      Defendant, Trans Union, LLC (hereafter, Defendant Trans Union), at all times hereto, is and was a Limited Liability Company engaged in the business of nationwide consumer reporting with a principal office located at 1510 Chester Pike, Crum Lynne, Pennsylvania 19022.

6.      Defendant, Equifax Information Services, LLC (hereinafter referred to as "Defendant Equifax"), at all times relevant hereto, is and was a Limited Liability Company engaged in the business of nationwide consumer reporting with an address of 1550 Peachtree Street Northeast, Atlanta, Georgia 30309.

7.      Defendant, Experian Information Solutions, Inc. (hereinafter referred to as "Defendant Experian"), at all times relevant hereto, is and was a corporation engaged in the business of nationwide consumer reporting with an address of 955 American Lane, Schaumburg, Illinois 60173.

8.      Defendant, Midland Funding, LLC, (hereafter referred to as "Defendant Midland"), at all times relevant hereto, is and was a limited liability company engaged in the business of purchasing and collecting debt within but not limited to the Commonwealth of Pennsylvania and the State of California with a primary location of 9875 Aero Drive, Suite 200, San Diego, CA 92123.

9. Defendant, Midland Credit Management, Inc. (hereafter referred to as "Defendant MCM"), at all times relevant hereto, is and was a corporation engaged in the business of collecting debt within the Commonwealth of Pennsylvania with its address at 1 International Plaza, 5th Floor, Philadelphia, PA 19113.

10. Defendant, Credit One Financial d/b/a Credit One Bank (hereinafter referred to as "Defendant Credit One"), at all times relevant hereto, is and was a company engaged in the business of consumer lending with an address of 701 S. Carson Street, Suite 200, Carson City, Nevada 89701.

## IV. <u>FACTUAL ALLEGATIONS</u>

11. In or around the summer of 2016, upon Plaintiff applying for a mortgage, she discovered that Defendants Midland, MCM, and Credit One were inaccurately reporting credit data on Plaintiff's credit reports.

12. Defendant Credit One acknowledges that the above-referenced alleged account was transferred from Defendant Credit One to Defendant Midland.

13. On or about September 2, 2016, Plaintiff disputed the accuracy of the trade lines of Defendants Midland and Credit One with Defendants Trans Union, Equifax, and Experian.

14. In her disputes, Plaintiff advised Defendants Trans Union, Experian and Equifax that their credit reporting as to these alleged accounts was inaccurate as more fully set forth herein.

15. Defendants Trans Union, Experian, and Equifax each acknowledged receipt of Plaintiff's above referenced disputes.

16. Upon information and belief, Defendants Trans Union, Experian, and Equifax each notified Defendants Midland and Credit One of Plaintiff's disputes as described herein.

17. Defendants Trans Union, Experian, and Equifax each notified Plaintiff that these accounts had been "verified" and that the inaccuracies within the trade lines of Defendants Midland and Credit One would not be corrected.

18. Each Defendant willfully and negligently failed to employ and follow reasonable procedures to investigate Plaintiff's dispute and correct and/or delete the information appearing on her credit reports.

19. On or about October 3, 2016, Plaintiff again disputed the accuracy of the trade lines of Defendants Midland and Credit One with Defendants Trans Union, Equifax, and Experian.

20. In her disputes, Plaintiff again advised Defendants Trans Union, Experian and Equifax that their credit reporting as to these alleged accounts was inaccurate, going so far as to advise each Defendant that Defendant Credit One's reported alleged charged off balance and Defendant Midland's alleged balance could not be correct simultaneously.

21. Defendants Trans Union, Experian, and Equifax each acknowledged receipt of Plaintiff's above referenced disputes.

22. Upon information and belief, Defendants Trans Union, Experian, and Equifax each notified Defendants Midland and Credit One of Plaintiff's disputes as described herein.

23. Defendants Trans Union, Experian, and Equifax each notified Plaintiff that these accounts had been "verified" and that the inaccuracies within the trade lines of Defendants Midland and Credit One would not be corrected.

24. Each Defendant willfully and negligently failed to employ and follow reasonable procedures to investigate Plaintiff's dispute and correct and/or delete the information appearing on her credit reports.

25. The credit information which Defendants Midland and Credit One have furnished and continues to furnish about Plaintiff is false, deceptive, misleading, and unconscionable.

26. Defendants' erroneous reporting continues to affect Plaintiff's creditworthiness and credit score.

27. Plaintiff was eventually approved for a mortgage at a higher rate of interest than Plaintiff otherwise would have received if there had been no negative charge-off reporting by Defendants Midland and Credit One after several denials due to the inaccurate.

28. As a result of Defendant's continued inaccurate credit reporting, Plaintiff's credit score has dropped substantially, thereby causing the Plaintiff to refrain from applying for additional credit.

29. Aside from the inaccurate and misleading information reported pertaining to the alleged account of Defendants Midland and Credit One, Plaintiff has an excellent credit history.

30. As of the date of the filing of this Complaint, Defendants Midland, Credit One, Trans Union, Experian, and Equifax each continue to report the trade lines of Defendants Midland and Credit One inaccurately and in a way which is materially misleading.

31. Defendant Credit One's alleged final bill to Plaintiff showed a balance of $531.76.

32. However, Defendant Equifax reports that $0 was charged off as to the alleged account of Defendant Credit One.

33. Additionally, Defendants Experian, Equifax, and Trans Union report a high balance of $482 with $531 being charged off as to the alleged account of Defendant Credit One.

34. Defendant Equifax later reported a high balance as to the alleged account of Defendant Credit One of $0.

35. Defendants Experian and Trans Union report a balance of $656 as to Defendant Midland on this alleged account transferred to said Defendant Midland by Defendant Credit One.

36. However, Defendant Experian reports a high balance of $0 as to Defendant Midland.

37. Trans Union later reported a high balance of $532 as to Defendant Midland.

38. Defendant Equifax reports the alleged account of Defendant Credit One account was opened on January 16, 2010, while Defendant Trans Union reports the alleged account of Defendant Credit One was opened January 18, 2010.

39. Defendants Equifax and Trans Union report that Plaintiff last paid on the alleged account of Defendant Credit One account in May 2010.

40. Defendant Trans Union reports that Plaintiff last paid on the alleged account of Defendant Midland in April 2015.

41. However, Plaintiff does not recall ever making any payments to Defendant Midland as to this alleged account.

42. Defendant Experian reports that $531 was written off, and a high balance of $482, as to Plaintiff's alleged account with Defendant Credit One.

43. The credit reporting of each Defendant as to Plaintiff's alleged accounts with Defendants Credit One and Midland continues to be entirely inaccurate, false, deceptive, and misleading, as more specifically and fully described above.

44. Defendant Trans Union reports that Plaintiff's alleged account with Defendant Credit One was "paid in full."

45. The Defendants acted with actual malice in willfully continuing to report inaccurate and misleading information on Plaintiff's credit as more fully described above, knowing full well

that other creditors were accessing the Plaintiff's credit report, all to the Plaintiff's detriment and loss.

46. As a result of Defendants' conduct, Plaintiff has suffered actual damages and serious financial harm arising from monetary losses relating to credit denials, loss of use of funds, loss of credit and loan opportunities, excessive and/or elevated interest rate and finance charges, out-of-pocket expenses including but not limited to, local or long telephone calls, postage, faxing and other related costs, all which will continue into the future to Plaintiff's great detriment and loss.

47. As a result of Defendants' conduct, Plaintiff has suffered great physical, emotional and mental pain and anguish, and Plaintiff will continue to suffer the same for an indefinite time into the future, all to Plaintiff's great detriment and loss.

48. As a result of Defendants' conduct, Plaintiff has suffered actual damages in the form of financial and dignitary harm arising from the injury to credit rating and reputation, and Plaintiff will continue to suffer the same for an indefinite time into the future, all to Plaintiff's great detriment and loss.

49. As a result of Defendants' conduct, Plaintiff has suffered a decreased credit score as a result of the inaccurate information and of multiple inquiries appearing on Plaintiff's credit file.

### COUNT I – FCRA
*Plaintiff v. Trans Union, LLC, Equifax Information Services LLC, Experian Information Solutions, Inc., Midland Funding, LLC, & Credit One Financial d/b/a Credit One Bank, N.A.*

50. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

51. At all times pertinent hereto, Defendants Trans Union, Equifax, and Experian were "consumer reporting agencies" as those terms are defined by 15 U.S.C. §1681a(b) and (f).

52. At all times pertinent hereto, Defendants Midland and Credit One were "furnishers" within the meaning and context of the Fair Credit Reporting Act.

53. At all times pertinent hereto, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. §1681a(c).

54. At all times pertinent hereto, the above-mentioned credit reports were "consumer reports" as that term is defined by 15 U.S.C. §1681a(d).

55. Pursuant to 15U.S.C. §1681n and 15 U.S.C. §1681o, Defendants Trans Union, Equifax, and Experian are liable to the Plaintiff for engaging in the following conduct:

(a) Willfully and negligently failing to delete the inaccurate information from Plaintiff's credit file after reinvestigation, in violation of 15 U.S.C. §1681i(a);

(b) Willfully and negligently failing to employ and follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit report, information and file, in violation of 15 U.S.C. §1681e(b);

(c) Willfully and negligently failing to properly and timely delete the inaccurate information from the Plaintiff's credit files despite being unable to verify the accuracy of the information and/or being provided with proof of its inaccuracy;

(d) Willfully and negligently continuing to furnish and disseminate inaccurate information and derogatory credit account and other information despite having knowledge of its inaccuracy and/or inability to be verified; and

(e)     Willfully and negligently failing to communicate that a disputed debt is disputed, in violation of 15 U.S.C. §1681e (8).

56.     Pursuant to 15U.S.C. §1681n and 15 U.S.C. §1681o, Defendants Midland and Credit One are liable to the Plaintiff for willfully and negligently failing to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C §1681s-2(b).

57.     The conduct of Defendants was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, actual damages and harm to the Plaintiff that are outlined more fully above and, as a result, Defendants are liable to the Plaintiff for the full amount of statutory, actual and punitive damages, along with the attorneys' fees and the costs of litigation, as well as such further relief, as may be permitted by law.

**WHEREFORE**, Plaintiff respectfully requests that this court enter judgment in her favor and against said Defendants, for the following:

a.     Actual damages;

d.     Statutory damages pursuant to 15 U.S.C. §1681n;

c.     Reasonable attorney's fees and costs of suit pursuant to 15 U.S.C. §1681o; and

d.     Such addition and further relief as may be appropriate or that the interests of justice require.

## **COUNT II – FDCPA**
*Plaintiff v. Midland Credit Management, Inc.*

58. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

59. At all times relevant hereto, Defendant MCM was attempting to collect an alleged debt which was incurred by Plaintiff for personal, family or household purposes and is a "debt" as defined by 15 U.S.C. § 1692a (5).

60. The foregoing acts and omissions constitute violations of the FDCPA, including but not limited to, violations of:

| | |
|---|---|
| §§ 1692e: | Any other false, deceptive or misleading representation or means in connection with the debt collection |
| §§ 1692e (2): | Character, amount, or legal status of the alleged debt. |
| §§ 1692e (8): | Communicates false credit information, including the failure to communicate that a debt is disputed. |
| §§ 1692e (10): | Any false representation or deceptive means to collect a debt. |
| §§ 1692f: | Any unfair or unconscionable means to collect or attempt to collect the alleged debt |
| §§ 1692f (1): | Attempt to collect any amount not authorized by the agreement creating the debt or permitted by law. |

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against said Defendant, for the following:

a. Actual damages;

b. Statutory damages pursuant to 15 U.S.C. § 1692k;

    c.      Reasonable attorney's fees and litigation expenses, plus costs of suit; and

    d.      Such additional and further relief as may be appropriate or that the interests of justice require.

## COUNT III– DEFAMATION OF CHARACTER
*Plaintiff v. Trans Union, LLC, Equifax Information Services LLC, Experian Information Solutions, Inc., Midland Funding, LLC, & Credit One Financial d/b/a Credit One Bank, N.A.*

61.    Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

62.    Defendants have published the inaccurate information through writing to various creditors, prospective credit grantors, individuals, entities, and other credit reporting agencies regarding Plaintiff's credit history.

63.    Defendants have published the inaccurate information each time a credit report on the Plaintiff has been requested from any creditor, prospective credit grantors, furnisher or other source.

64.    The inaccurate information published by Defendants is false in that it inaccurately reflects Plaintiff's credit information, and paints Plaintiff in a false financial light.

65.    Defendants have published the inaccurate information to at least every single creditor, furnisher or prospective creditor or other entity that has requested Plaintiff's credit report.

66.    The falsehoods within the trade lines of Defendants Midland and Credit One constitute falsehoods concerning Plaintiff's credit history.

67.    Defendants knew or reasonably should have known that the information regarding the trade lines of Defendants Midland and Credit One which they have published and re-published on Plaintiff's credit reports is incorrect and false as Plaintiff has notified them of such.

68. Defendants continue to publish the false and negative information within the trade lines of Defendants Midland and Credit One on Plaintiff's credit history up through the present time.

69. Defendants knew that the information within the trade lines of Defendants Midland and Credit One on Plaintiff's credit report were false and had no factual basis. Defendants nonetheless continued to publish and re-publish the inaccurate information.

70. The publications of the information within the trade lines of Defendants Midland and Credit One on Plaintiff's credit report constitute libel per se.

71. In addition, and despite the notices from Plaintiff, Defendants have acted with malice by failing to communicate the information provided to them by Plaintiff to all creditors, prospective creditors, furnishers of information and all other entities to whom said Defendants provide credit information concerning the Plaintiff.

72. The conduct of Defendants was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, damages and harm to the Plaintiff that are outlined more fully above and, as a result, said Defendants are liable to compensate the Plaintiff for the full amount of actual damages, compensatory damages and punitive damages, as well as such other relief, permitted under the law.

**WHEREFORE**, Plaintiff respectfully requests that this court enter judgment in her favor and against the aforementioned Defendants for the following:

a. Actual damages;

b. Statutory damages;

c. Punitive damages;

d.  An order directing the Defendants immediately and permanently delete all of the inaccurate information from Plaintiff's credit reports and files and cease reporting the inaccurate information to any and all persons and entities to whom they report consumer credit information; and

e.  Such addition and further relief as may be appropriate or that the interests of justice require.

## V. JURY DEMAND

Plaintiff hereby demands a jury trial as to all issues herein.

**Respectfully submitted,**

**VULLINGS LAW GROUP, LLC**

**Date: December 6, 2016**          BY: */s/Brent F. Vullings bfv8435*
Brent F. Vullings, Esquire
Vullings Law Group, LLC
3953 Ridge Pike
Suite 102
Collegeville, PA 19426
P: 610-489-6060
F: 610-489-1997
Attorney for Plaintiffs
bvullings@vullingslaw.com